IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-cv-1026-SMD |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Jennifer Williams ("Williams") appeals the denial of her application for Social Security benefits under 42 U.S.C. § 405(g). *Compl.* (Doc. 1) p. 1. Williams contends that the Commissioner of Social Security committed legal error in denying her application and seeks remand of this case for further administrative proceedings. *Williams Br.* (Doc. 16) pp. 1, 18. For the following reasons, the Court reverses the Commissioner's decision and remands this case to the Commissioner for further consideration of Williams's application.[1]

## I.     STATUTORY FRAMEWORK & STANDARD OF REVIEW

The Social Security Act establishes the framework for determining who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). Under the Act, an administrative law judge ("ALJ") must evaluate "an application

---

[1] Under 28 U.S.C. § 636(c), the parties have consented to the undersigned conducting all proceedings and entering judgment in this case. *Comm'r Consent* (Doc. 8) p. 1; *Williams Consent* (Doc. 9) p. 1.

for a period of disability or disability insurance benefits (or both)" pursuant to a five-step inquiry:

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?
(3) Does the person's impairment meet or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the person unable to perform his or her former occupation?
(5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a). A person who has an impairment listed in 20 C.F.R. Pt. 404, Subt. P, App. 1 is disabled under the Act. *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). A person is not disabled if she is presently employed (step 1), does not have a severe impairment (step 2), is able to perform her former occupation (step 4), or is able to perform other work within the economy (step 5). *Id.*[2]

Should the ALJ issue an unfavorable decision, a claimant may request review from the Social Security Appeals Council. 20 C.F.R. § 416.1468. The ALJ's decision becomes a final administrative decision of the Commissioner if the Appeals Council denies review. 20 C.F.R. § 416.1481. At that point, a claimant may seek judicial review of the Commissioner's decision in federal court. 42 U.S.C. § 405(g).

A federal court, however, is limited in its review of the Commissioner's final decisions. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curium). A reviewing court will not disturb the Commissioner's factual findings if they are supported

---

[2] A claimant bears the burden of proof through step four; the Commissioner bears the burden of proof at step five. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996).

by substantial evidence. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).[3] By contrast, a court reviews the Commissioner's legal conclusions de novo. *Moore*, 405 F.3d at 1211. Remand is necessary where the Commissioner fails to provide a reviewing court with sufficient reasoning to show that its decision is based on proper legal standards. *McDaniel*, 800 F.2d at 1030.

## II.  FACTS & PROCEDURAL HISTORY

In February 2017, Williams applied for a period of disability and disability insurance benefits. *Admin. Ct. Tr.* at 33.[4] The Commissioner denied her application at the administrative level, and she obtained review before an ALJ. *Id.* In January 2019, the ALJ entered an opinion evaluating Williams's case pursuant to the five-step statutory framework. *Id.* at 35–45. At steps 1 and 2 respectively, the ALJ found that Williams was unemployed and suffered from several severe impairments, including rheumatoid arthritis. *Id.* at 35.[5]

At step 3, however, the ALJ determined that Williams did not have an impairment that met or medically equaled an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.* at 37. Accordingly, the ALJ moved to step 4 and considered whether Williams could perform her former occupation as a teacher's aide. *Id.* at 43. Answering that question in the

---

[3] Substantial evidence is more than a scintilla, but less than a preponderance; it is that which a reasonable person would accept as adequate to support a conclusion. *Moore*, 405 F.3d at 1211; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam).

[4] "*Admin. Ct. Tr.*" consists of a consecutively paginated record of the administrative proceedings below and spans from ECF Doc. 20-1 to ECF Doc. 20-8. For clarity, the Court cites to the consecutive pagination, not the ECF pagination.

[5] The ALJ also found that Williams suffered from fibromyalgia and obstructive sleep apnea syndrome. *Admin. Ct. Tr.* at 35.

affirmative, the ALJ concluded that Williams was not disabled for purposes of the Social Security Act. *Id.* at 45.

In March 2019, Williams requested review of the ALJ's decision before the Appeals Council. *Id.* at 4. While her request was pending, Dr. Christopher Adams—Williams's treating physician—completed a medical questionnaire pertaining to the severity of Williams's arthritis symptoms between January 2017 and September 2019. *Id.* at 8. Dr. Adams described Williams's condition in relevant part as follows:

> 3. Does this patient have persistent inflammation or persistent deformity of:
>
>> a. One or more major peripheral weight-bearing joints resulting in the inability to ambulate effectively?  _X_ Yes ____ No
>>
>> b. One or more major peripheral joints in each upper extremity resulting in the inability to perform fine and gross movements effectively? _X_ Yes ____ No

*Id.* at 8. Williams submitted the questionnaire to the Appeals Council in support of her request for review. *Id.* at 7, 12.

In October 2019, the Appeals Council denied Williams's request. *Id.* at 1. In its order and notice, the Appeals Council explained that it had reviewed Williams's case and found no reason to review the ALJ's decision. *Id.* The notice further informed Williams of her right to seek judicial review in federal court. *Id.* Nothing in the notice, however, indicated that the Appeals Council evaluated Dr. Adams's questionnaire. *Id.* at 1–5. In response, Williams filed this appeal under 42 U.S.C. § 405(g). *Compl.* (Doc. 1) p. 1.

## III.   DISCUSSION

Williams argues that, in denying her request for review, the Appeals Council failed to adequately evaluate Dr. Adams's questionnaire. *Williams Br.* (Doc. 16) p. 9. As a general rule, a claimant may present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007). The Appeals Council has discretion to review a claimant's case, but it "must consider new, material, and chronologically relevant evidence" submitted by the claimant when exercising that discretion. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (per curium) (quoting *Ingram*, 496 F.3d at 1261).

Under Eleventh Circuit precedent, evidence is new when "it was not previously before the ALJ." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). Evidence is material "if 'there is a reasonable possibility that [it] would change the administrative outcome.'" *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 936 (11th Cir. 2015) (per curium) (quoting *Hyde*, 823 F.2d at 459). And evidence is chronologically relevant when it "relates to the period on or before the date of the [ALJ] hearing decision." *McCullars v. Comm'r, Soc. Sec. Admin.*, 825 F. App'x 685, 692 (11th Cir. 2020) (per curium) (alteration in original) (quoting 20 C.F.R. § 404.970(b)).

To be sure, the Appeals Council need not "provide a detailed discussion of a claimant's new evidence when denying a request for review." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 783 (11th Cir. 2014). But the record must—at a minimum—indicate that the Appeals Council adequately evaluated whether a claimant's new evidence is material and chronologically relevant. *McCullars*, 825 F. App'x at 685. Merely

acknowledging receipt of new evidence is insufficient to meet this standard. *Id.* Failure to adequately evaluate a claimant's new evidence is legal error and grounds for remand. *Washington*, 806 F.3d at 1320.

For example, in *Hethcox v. Comm'r of Soc. Sec.*, a claimant provided the Appeals Council with new evidence suggesting her impairment met or medically equaled 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. 638 F. App'x 833, 836 (11th Cir. 2015) (per curium). The Appeals Council, however, denied the claimant's request for review without indicating that it evaluated the new evidence. *Id.* at 836–87. The Eleventh Circuit held that the Appeals Council committed legal error, reasoning that "nothing in the Appeals Council's denial [] indicate[d] that it properly determined whether the new, material evidence met Listing 12.05(C)'s requirements." *Id.* at 836. The court therefore remanded the case to the Commissioner to consider that evidence in conjunction with the record as a whole. *Id.*

This case bears a striking resemblance to *Hethcox*. Here, after the ALJ issued its decision, Dr. Adams completed a questionnaire opining that Williams's arthritis met or medically equaled 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 14.09 (inflammatory arthritis).[6]

---

[6] At the time of the ALJ's decision, § 14.09 defined inflammatory arthritis as follows:

A. Persistent inflammation or persistent deformity of:

> 1. One or more major peripheral weight-bearing joints resulting in the inability to ambulate effectively (as defined in 14.00C6); or

> 2. One or more major peripheral joints in each upper extremity resulting in the inability to perform fine and gross movements effectively (as defined in 14.00C7).

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 14.09 (amended 2021). Although § 14.09 has since been amended, the Court must "apply the regulations in effect at the time of the ALJ's decision." *Ashley v. Comm'r, Soc. Sec. Admin.*, 707 F. App'x 939, 944 (11th Cir. 2017) (per curium).

Williams submitted the questionnaire to the Appeals Council in support of her request for review. The Appeals Council, however, denied Williams's request for review without indicating that it evaluated whether the questionnaire constitutes new, material, and chronologically relevant evidence. Because the Appeals Council failed to adequately evaluate Dr. Adams's questionnaire, it committed legal error in denying Williams's request for review.

The Commissioner, for its part, provides no real opposition to this conclusion. The Commissioner maintains that "the Appeals Council is not required to provide a detailed evaluation of evidence submitted by a claimant when the Appeals Council denies the claimant's request for review." *Comm'r Resp.* (Doc. 19) p. 6 n.5. That may be so, but the Appeals Council must provide this Court with sufficient reasoning to show that it adequately evaluated whether Dr. Adams's questionnaire constitutes new, material, and chronologically relevant evidence. Again, merely acknowledging receipt of new evidence is insufficient to meet this standard. *McCullars*, 825 F. App'x at 685. Because the Appeals Council did nothing more than acknowledge receipt of Dr. Adams's questionnaire, the Commissioner's argument fails.

## IV.  CONCLUSION

In sum, nothing in the record indicates that the Appeals Council evaluated whether Dr. Adams's questionnaire constitutes new, material, and chronologically relevant evidence. As such, the Court finds that the Appeals Council committed legal error in denying Williams's request for review. The Court therefore REVERSES the Commissioner's decision and REMANDS this case to the Commissioner for consideration

of the questionnaire in conjunction with the record as a whole. The Court will enter final judgment by separate order.

DONE this 1st day of July, 2021.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE